UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KULJEET SINGH,

          Petitioner,

v.

CAMILLA WAMSLEY, et al.,

          Respondent.

CASE NO. 2:26-cv-00088-BAT

**ORDER GRANTING HABEAS PETITION IN PART AND DIRECTING A BOND HEARING BE PROVIDED**

    Immigration detainee Kuljeet Singh petitions the Court to order Respondents to (1) immediately and permanently release him from detention; (2) declare Respondents cannot redetain him without first providing an individualized determination; and (3) award attorney fees. For the reasons below, the Court **GRANTS** the petition in part.

    1.    Respondents argue relief should be denied because Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. Persons detained under § 1225 may only be released under the agency's parole authority. 8 U.S.C. § 1182(d)(5)(A). Petitioner was released on an "Order of Recognizance (OREC)." *See* Dkt. 7 (Declaration of Deportation Officer). Release under an OREC is authorized under § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226). That Petitioner was held and released

under § 1226 is reaffirmed by the Notice to Appear Respondents issued which states "You are an alien present in the United States who had not been admitted or paroled." Dkt. 6 (Exhibit B). The Court thus finds § 1226 governs Petitioner's detention.

2. Because § 1226 governs Petitioner's detention, he is entitled to a bond hearing. *See Rodriguez Vasquez v. Bostock*, 802 F.Supp.3d 1297 (W.D. Wash. 2005); *see also Hernandez v. Hermosillo*, 2:25-cv-02464-TMC, 2025 WL 3554639 (W.D. Wash. Dec. 11, 2025) (granting bond hearing or immediate release if a bond hearing is not provided). Respondents thus must provide Petitioner a bond hearing or release him. At the bond hearing, Respondents bear the burden to prove by clear and convincing evidence Petitioner is a flight risk or a danger to the community. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1199 (9th Cir. 2022). The Court declines to grant Petitioner's request that release be "permanent," as valid reasons may arise to redetain him.

3. Petitioner was detained without being offered notice of revocation of release or a predetention hearing to contest his redetention. Redetention for no valid reason may violate due process. This flows from the high risk of an erroneous deprivation of liberty when a noncitizen is redetained for no apparent or valid reason and has had no opportunity to challenge detention.

Here, however, Respondents had a valid reason to redetain Petitioner: he has been charged in the Thurston County Superior Court with the felony offenses of Luring with Sexual Motivation; Unlawful Imprisonment, and Child Molestation in the Third Degree. This constitutes a material change in his circumstances, and a material change has long been recognized as grounds to revoke release and redetain a noncitizen. *See Matter of Sugay,* 17 I. & N. Dec. 637, 640 (BIA 1981); *Meza v. Bonar* No. 18-cv-02708-BLF, 2018 WL 2554572, at *3 (N.D. Cal. June 4, 2018) (holding when noncitizen released under § 1226(c), "due process would seem to

ORDER GRANTING HABEAS PETITION IN PART
AND DIRECTING A BOND HEARING BE PROVIDED
- 2

require an administrative hearing to show a material change in circumstances" before redetention). Petitioner contends the fact he has been charged with numerous felony offenses is not grounds to detain as he is presumed innocent, but there is no getting around being charged with serious felonies is a change in circumstances that is nothing less than material. The Court thus declines to declare Respondents must release Petitioner because they failed to provide a predetention hearing and declines to order Respondents not to redetain Petitioner in every instance. If Respondents release Petitioner and then redetain him without an apparent or a valid reason, Petitioner will be entitled to a hearing to challenge his redetention.

4. Accordingly, the Court **ORDERS**:

1. Respondents shall provide Petitioner a bond hearing before an immigration judge within 14 days of the date of this order. At the bond hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

2. If the immigration judge fails to rule on the merits, or claims she or he lacks jurisdiction, Petitioner shall be immediately released subject to reasonable conditions of release.

3. Respondents shall file a certification whether a bond hearing was afforded within 16 working days of this order.

4. The Court declines to order Respondents to immediately release Petitioner, to permanently release him, to never redetain him if he is released, and to require a predetention hearing in every instance. As noted above, if Petitioner is released and redetained without an apparent or a valid reason, he has the right to a hearing to challenge his redetention.

5. The Court will entertain a motion for attorney fees and costs. Any motion for fees and costs shall be filed within 21 days and shall be noted under Local Rule 7(d)(3).

DATED this 30th day of January, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge